PER CURIAM.
Cornelius Foster seeks review of an order summarily denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
Foster sought relief arguing newly discovered evidence. That evidence is Lennis Moreland, a newly discovered witness who will testify that he was across the street at the time of crime; observed two males enter and exit the victim’s home at the time of the crime, that he knew the two men, and that Foster was not one of the two.
The state argues that Foster’s claim is successive and alternatively, that the evidence does not qualify as newly discovered as defined by Jones v. State, 591 So.2d 911 (Fla.1991). The record provided does not reveal that Foster’s earlier claims involved witness Moreland.
Similarly, the record provided does not support the state’s position that the reference to Moreland at trial precludes his testimony from being considered newly *1290 discovered. Within his affidavit, Moreland indicates that he would not have come forth sooner. Finally, the record does not refute Foster’s allegation that Moreland’s testimony would probably produce an acquittal. Jones, 591 So.2d at 911, 915.
We remand the ease for further proceedings but express no opinion on the merits of Foster’s claims. On remand, the trial court may either conduct an eviden-tiary hearing and consider Moreland’s testimony or attach portions of the record to refute the claim.
WARNER, C.J., FARMER and GROSS, JJ., concur.